IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIParticular GROSS, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>RUSH HOUR EVENTS, LLC, f/k/a RUSH HOUR )<br>MARKETING, LLC; ROBERT E. HOVEY, JR., )<br>individually and as member of RUSH HOUR )<br>EVENTS, LLC;  JAMES F. DAVIS, II, individually )<br>and as member of RUSH HOUR EVENTS, LLC; )<br>DAVID BOTNER, individually and as member )<br>of RUSH HOUR EVENTS, LLC; and ROBERT )<br>MONCADA, individually and as member of )<br>RUSH HOUR EVENTS, LLC, )<br>)<br>    Defendants. ) | No. 08 CV 3686<br><br>Judge Kendall<br>Magistrate Judge Nolan<br><br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE TO DEFENDANTS 12(b)(6) MOTION TO DISMISS
COUNT I OF THE COMPLAINT**

Plaintiff, by and through his undersigned counsel, herewith responds to the defendants' motion to dismiss Count I of plaintiff's complaint, pursuant to F.R.C.P. Rule 12(b)(6):

**Introduction**

On June 27, 2008, plaintiff filed a complaint against the defendants,[1] comprising claims under (i) the Illinois Wage Payment and Collection Act ("Wage Act"), 820 ILCS 115/1 *et seq*.; (ii) for breach of contract; and (iii) for defamation. With respect to his claim under the Wage Act [found at Count I], plaintiff undertook to comply with each and every pleading standard for such cause of action – inclusive of the identification of the parties; the identification of any sums due and owing; and the degree of *scienter* alleged on the part of each defendant. (Complaint, Count I at ¶¶ 59-63).[2]

---

[1] Counts I and II of the Complaint are directed against the defendants [i.e., in their totality].

[2] Plaintiff also attached a Wage Demand Letter to his complaint, in accord with the requirements of statute. *See* Section 1 of the Attorney Fees Act, 705 ILCS 225/1 (West 2007).

Defendants have nevertheless moved to dismiss Count I pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3] Defendants base such motion, in its entirety, upon two purported agreements, marked as Exhibits A and B, which supposedly (i) bear the plaintiff's signature; (ii) demonstrate that plaintiff "[was] not an employee, but... an independent contractor;" and (iii) thus [supposedly] resolve all possible issues arising from Count I in the defendants' favor, "as a matter of law." (Motion at ¶¶ 8-9). Due to the purported impact of the two agreements, defendants request that Count I of the complaint be dismissed.

Defendants' motion is unfounded – factually and legally, in roughly equal portions – and provides not a semblance of a basis to strike any portion of Count I, let alone dismiss this claim in its entirety. There are material issues regarding the nature of plaintiff's employment, which cannot be swept under the carpet by the interposition of a confident-sounding argument and two purported documents which beg more questions than they answer. Moreover, the 'agreements' bespeak the troubling likelihood that plaintiff's signature has been forged.[4] As shall be clarified, it is the defendants' motion to dismiss Count I which cannot stand as a matter of law, nor survive the factual revelations on its very face.

## Standard of Deliberation

When construing a motion to dismiss a complaint under Rule 12(b)(6), a court is to accept the plaintiff's factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. Veazey v. Communication & Cable of Chicago, Inc., 194 F.2d 850, 854 (7th Cir. 1999). A complaint

---

[3] Defendants have filed two motions to dismiss, docketed as document 12 (the instant motion) and 14 (motion to dismiss the individually named defendants), respectively.

[4] There would be factual issues enough, even if plaintiff had signed both agreements. As it stands, however, the defendants have produced a document (Exhibit A to their motion) which only serves to further implicate themselves in a willful and deplorable episode. *See* Plaintiff's attached affidavit.

should not be dismissed for failure to state a claim "unless no relief could be granted under any set of facts that could be proved consistent with allegations. <u>Nance v. Vieregge</u>, 147 F.3d 589, 590 (7th Cir. 1998), *quoting* <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73, 104 S.Ct. 2229 (1984).

## **ARGUMENT**

**A.     It is the facts of the case, not the purported provisions of an agreement, which governs the determination as to a person's employment under the Wage Act.**

Under the Wage Act, "the term 'employee' shall include any individual permitted to work by an employer in an occupation, but shall not include any individual:

(1)  who has been and will continue to be free from control and direction over the performance of his work, both under his contract with his employer and in fact; and

(2)  who performs work which is either outside the usual course of business or is performed outside all of the places of business of the employer unless the employer is in the business of contracting with third parties for the placement of employees; and

(3)  who is in an independently established trade, occupation or business."

820 ILCS 115/2 (West 2007).[5] These threefold provisions – setting forth the definition of an "independent contractor" under the Wage Act – are to be construed as conjunctive, rather than disjunctive. <u>Anderson v. First American Grp. of Companies, Inc.</u>, 353 Ill.App.3d 403, 408-409 (1st Dist. 2004). The Illinois legislature intended for all three prongs to be met, in order to show that a given individual is subject to the statutory exclusion in the Wage Act's definition of "employee." *Id*. at 409.

Under the very terms of such provisions – i.e., 820 ILCS 115/2(1) – it is necessary to

---

[5]These provisions are identical to those found in section 212 of the Unemployment Insurance Act, under "Independent Contractors." 820 ILCS 405/212 (West 2007).

demonstrate that a person is free from control and direction "both under his contract with his employer *and in fact*." (Emphasis added). Indeed, a written agreement is <u>not</u> dispositive of employment status, since it is the totality of the facts which governs this determination. <u>California-Peterson Currency Exchange v. Friedman</u>, 316 Ill.App.3d 610, 618 (1st Dist. 2000); <u>Jack Bradley, Inc. v. Dept. of Employment Security</u>, 146 Ill.2d 61, 80-81 (1991)

In <u>Jack Bradley</u>, the plaintiff company provided food demonstrators for food vendors and retailers – deriving 20% of its business from such demonstrators. *Id*. at 67-72. Before being placed on the list of available demonstrators, an individual had to sign a contract stating that she was an independent contractor, and had sole control over the manner and means of performing her service. *Id*. at 68. Based upon evidence that the demonstrators exercised no proprietary interest in the food supplies, and could not "operate largely without the benefit of a relationship with Jack Bradley," the Illinois Supreme Court concluded that they were employees, not independent contractors. *Id*. at 80-81.[6]

There are a plethora of cases with similar determinations. *See, e.g.*, <u>AFM Messenger Service, Inc. v. Department of Employment Sec</u>., 198 Ill.2d 380, 402-403 (2001) (so-called "independent contractor" delivery drivers were employees under Wage Act, being unable operate their "'delivery businesses' without benefit of a relationship with AFM," which set the prices, made the assignments, billed the customers, and set the commission rate); <u>Anderson v. First American Grp. of Companies</u>, 353 Ill.App.3d at 408-409 (company executive an "employee" for purposes of Wage Act, since although free from direction while at work, did not qualify for the *conjunctive* definitions of an

---

[6] The Court found that the fact that the demonstrators could work for other "demo" companies was insufficient to rebut the evidence of their lack of independence when they worked for Jack Bradley. *Id*. at 80. In this case, the defendants did not allow their employees to seek *any* outside work. *See* affidavit of Nathan Stronge, Exhibit "2", at par. 4.

independent contractor under 820 ILCS 115/2).

      **B.**      **The attached affidavits present *bona fide* issues of fact, by demonstrating that plaintiff was not an independent contractor**

Attached as Exhibits 1 and 2 are two affidavits, one being sworn out by the plaintiff and the other by a former employee of RUSH HOUR EVENTS, LLC named Nathan Stronge ("Stronge").[7] Both affiants attest to the following facts:

    1.    That the telephone salesmen at RUSH HOUR EVENTS, LLC ("RUSH HOUR") worked full-time, five days a week;

    2.    That the telephone salesmen at RUSH HOUR were not allowed to exercise any control or direction over their work, nor could sell their services elsewhere, nor work out of any other location other than the firm headquarters;

    3.    That the telephone salesmen at RUSH HOUR were subject to many other demands on the part of their employers befitting of employees shackled to their desks, and were even made to participate in twice-daily prayers by their paternalistic overseers.

**The "agreements" signed by Nathan Stronge.**  Appended to Nathan Stronge's affidavit (Exhibit "2") are the very same agreements which, so the defendants claim, were signed by the plaintiff. As this former RUSH HOUR employee attests in his affidavit, the defendants demanded that Stronge sign these 'agreements,' or else be terminated *instanter*. (Stronge's Affidavit at par. 8-11). As Stronge makes clear in his affidavit, he was a full-time employee, and by no means an "independent contractor," both before, and after, he signed these agreements under coercion.

Such facts suffice to demonstrate [at the very least] material and unresolved issues of fact,

---

[7] Nathan Stronge was employed in the identical capacity as the plaintiff, at the same location. See Exhibit 2, par. 2..

in regard to whether plaintiff was an employee for the purposes of the Wage Act. As such facts help to clarify, the defendants' motion to dismiss is unfounded and should be denied.

  **C.**  **Plaintiff's affidavit demonstrates the likelihood that his signature was forged by the defendants.**

In plaintiff's attached affidavit, it is attested that his purported signature, on p. 16 of the supposed "independent contractor agreement" produced by the defendants [as Exhibit A], was forged.

Plaintiff has supplied five notarized examples of his signature. (Affidavit of plaintiff, p. 4). Said verified signatures are radically dissimilar to the purported signature found at p. 16 of the aforementioned document.

Affidavits, in demonstration of counter-indicative facts, are properly appended to a response to a Rule 12(b)(6) motion. Hrubec v. National R.R. Passenger Corp., 981 F.2d 962, 964 (7th Cir. 1992).

At minimum, the patent dissimilarity between the signature found at p. 16 of the 'agreement' which defendants produced, as compared to the authentic signatures appended to plaintiff's affidavit, present issues of fact which warrant and necessitate that defendants' motion to dismiss be denied.

WHEREFORE, the plaintiff requests the following relief of this Honorable Court:

  A.  For an order denying defendants' Rule 12(b)(6) motion to dismiss Count I of plaintiff's complaint;

  B.  For such other relief as this Court deems appropriate.

Respectfully submitted,

**s/ Richard S. Zachary**
Bar No. 6197914
Attorney for Plaintiff
180 North LaSalle, Suite 1925
Chicago, Illinois 60601
Phone: (312) 795-9003
e-mail: RSZ@zacharylaw.net